IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| STEPHEN ROSS | * | |
| Plaintiff, | * | Civil Action: |
| | * | |
| v. | | (Circuit Court for Baltimore City |
| | * | Case No.:  24x12000851) |
| AIRBUS S.A.S., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL BY DEFENDANT GENERAL ELECTRIC COMPANY

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant, General Electric Company ("GE"), by and through its undersigned counsel of record, hereby notes the removal of this action to the United States District Court for the District of Maryland, Northern Division, pursuant to 28 U.S.C. §§ 1442 and 1446.  The grounds for removal are as follows:

1.      GE hereby removes this action from the Circuit Court for Baltimore City, Maryland on the grounds, set forth in greater detail below, that the plaintiff, Stephen Ross, asserts a claim against GE for alleged exposure to asbestos while serving as a Petty Officer and Aviation Boatswain's Mate aboard three U.S. Navy ships, the *U.S.S. Coral Sea, U.S.S. Midway and U.S.S. Ranger*, from marine turbines and other equipment allegedly manufactured by GE. These products, if manufactured by GE, were manufactured under contract with the United States Navy under terms by which the Navy and its officers imposed strict supervision and control over all aspects of the design and manufacture of the turbines including, without

limitation, any asbestos content and any labels or materials affixed to or accompanying the turbines. Consequently, GE is permitted to remove this case under the provisions of 28 U.S.C. § 1442(a)(1) as a person acting under an officer or agency of the United States, in order to assert defenses arising under the laws of the United States including, without limitation, the defense of government contractor immunity.

2. On September 10, 2012, General Electric was served with Plaintiff's Complaint and Prayer for Jury Trial (hereinafter "Complaint" or "Plaintiff's Complaint") in this civil action in the Circuit Court for Baltimore City, Maryland, Civil Action No. 24x12000851 ("the State Case"). A true and correct copy of the Complaint is attached as **Exhibit A**. The Complaint alleges that the plaintiff was exposed to asbestos while employed as welder, mechanic and laborer at industrial and commercial sites, including but not limited to the U.S. Navy at various locations and US Airways located in North Carolina and Washington D.C. (*See* Exhibit A at ¶ 4). No other information is provided in the Complaint regarding the specifics of Plaintiff's alleged asbestos exposure. The Complaint does not specify any GE products from which Plaintiff was allegedly exposed to asbestos, nor does it identify the work site at which asbestos exposure from GE products is alleged to have occurred. Thus, the allegations of the Complaint are insufficient to advise GE, or any other defendant, of the relevant work site, time period, or products at issue for any particular defendant.

3. On March 14, 2013, Plaintiff's counsel filed Plaintiff's Answers to Defendants' Master Set of Interrogatories (hereinafter "Plaintiff's Answers to Interrogatories") that indicate for the first time the naval vessels on which Mr. Ross was allegedly exposed to asbestos while serving as a Petty Officer and Aviation Boatswain's Mate in the United States Navy. A copy of Plaintiff's Answers to Interrogatories is attached as **Exhibit B**. Specifically, the vessels, and the

years Plaintiff allegedly served aboard, are listed in Plaintiff's Answer to Interrogatory No. 89 and include: the *U.S.S. Coral Sea* (1961 – 1965), the *U.S.S. Midway* (1961 – 1969) and the *U.S.S. Ranger* (1961 – 1965). (**Exhibit B**, at p. 32).  *These discovery responses represent the first time, within the meaning of 28 U.S.C. § 1446, that Plaintiff, in writing or otherwise asserted a claim against GE for his alleged exposure to GE marine turbines or other products during the time of his service in the U.S. Navy.*

4. This Notice of Removal is filed within thirty (30) days after GE's receipt of Plaintiff's Answers to Interrogatories, the first paper in which Plaintiff asserted a claim against GE based upon alleged naval exposure to asbestos from GE marine turbines or other products and is, therefore, timely filed under the provisions of 28 U.S.C. § 1446(b).

5. Should any party file a motion to remand this case, GE respectfully requests an opportunity to respond more fully in writing and to conduct discovery limited to the issue of removal, but offers the following authorities in support of removal.

6. Marine steam turbines or other products that GE manufactured under contract with the U.S. Navy for installation in U.S. Navy vessels were manufactured to Navy specifications and were subject to strict Navy control and supervision over all aspects of the products' design and manufacture, including, without limitation, the presence of asbestos in such products and the existence of any warnings affixed to or issued in connection with the turbines or other products.  This is established, *inter alia*, by the following affidavits:

> a. Declaration of David Hobson, dated January 28, 2008, with Exhibits 1 through 3 (attached hereto as **Exhibit C**);
>
> b. Declaration of Admiral Ben J. Lehman, dated December 30, 2010 (attached hereto as **Exhibit D**)
>
> c. Declaration of Lawrence Stillwell Betts, MD, PhD, dated April 14, 2009

3

with Exhibits A through EE (attached hereto as **Exhibit E,** with Exhibits A through EE attached as **E.01** through **E.31**).

7. This case is removable pursuant to 28 U.S.C. § 1442(a)(1) because the action involves a person (GE) that acted under the authority of an officer or agency of the United States. A corporation, such as GE, is a "person" within the meaning of this statute. *See Fink v. Todd Shipyards,* 2004 U.S. Dist. LEXIS 6912 (E.D. La. 2004). Removal is proper under this section upon a showing (1) that a defendant acted under the direction of a federal officer, (2) that a defendant has a colorable federal defense to plaintiff's claim, and (3) that there is a causal nexus between the plaintiff's claims and the acts it performed under color of federal office. *See Mesa v. California,* 489 U.S. 121 (1989); *Machnik v. Buffalo Pumps, Inc.*, 2007 U.S. Dist. LEXIS 68097 (D. Conn. 2007). This basis for removal has been recognized in an asbestos setting by this Court. *See Pack v. ACandS, Inc.*, 838 F.Supp. 1099 (D. Md. 1993). As demonstrated, *inter alia*, by the affidavits attached hereto, GE's marine turbines and other products, from which Plaintiff asserts a claim for naval asbestos exposure, were manufactured according to the specifications of, and under the direction and control of, the U.S. Navy. Plaintiff's claim is based upon the alleged presence of asbestos in or on the said turbines and other products. Therefore, GE acted under direction of a federal officer or agency in the construction of the turbines, and there is a direct nexus between such action and the plaintiff's claims against GE.

8. *Pack v. AC and S., Inc.*, 838 F.Supp. 1099 (D.Md. 1993) is controlling. In *Pack*, defendant Westinghouse designed and constructed marine turbines for use on military vessels. The design and construction process was supervised and controlled by the US Navy and its officers. *Id.* at 1103. The plaintiff in that case alleged that he was exposed to asbestos insulation installed on those turbines while working in a shipyard. Westinghouse removed the action to the United States District Court for Maryland pursuant to 28 U.S.C. §1442(a)(1). The District Court

4

refused to grant plaintiff's motion to remand, holding instead that Westinghouse was entitled to federal officer removal because (1) the construction and design of its marine turbines were conducted under the direction of a federal officer; (2) Westinghouse had presented a colorable argument that it was protected by the federal government contractor defense; and (3) the plaintiff's claims arose from acts which Westinghouse performed under color of federal office. *Id.* The facts in the instant case are substantially identical to those in *Pack* and, accordingly, GE may remove this action under 28 U.S.C. §1442(a)(1).

9. As recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), GE has a federal defense to these actions, i.e., government contractor immunity from liability for injuries arising from exposure to asbestos from marine turbines or other products manufactured under contract with the U.S. Navy, insofar as GE constructed or repaired them in accordance with Navy specifications and under strict control or supervision of the U.S. Navy. *Accord*, *Carley v. Wheeled Coach*, 991 F.2d 1117 (3d Cir. 1993); *Garner v. Santoro*, 865 F.2d 629 (5th Cir. 1989); *Kleemann v. McDonnell Douglas Corp*, 890 F.2d 698 (4th Cir. 1989). A government contractor defense exists when (1) the United States approved reasonably precise specifications, (2) the equipment conformed to those specifications, and (3) the contractor warned the government about any dangers known to the contractor but not to the government. *Boyle, supra; Carley v. Wheeled Coach*, *supra*. The declarations attached hereto establish that GE's marine turbines and other products that were manufactured for the U.S. Navy were manufactured in conformity with detailed specifications of the U.S. Navy, and that GE had no knowledge concerning the potential hazards of asbestos that was not known by the U.S. Navy. Therefore, GE has established a colorable federal defense to Plaintiff's claims and is entitled to remove this action pursuant to 28 U.S.C. §1442(a)(1). *See Faddish v. General Electric Company,* 2010 WL

4146108, 2010 U.S. Dist. LEXIS 112937 (E.D. Pa. 2010) (granting summary judgment for GE as to claims of naval asbestos exposure, based upon the government contractor defense).[1]

10. A properly removed case cannot be remanded for discretionary or policy reasons such as allegedly related State court cases or a contention that judicial economy compels remand. 28 U.S.C. § 1447(c); *Thermitron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed. 542 (1976); *Elrad v. United Life & Accident Insurance Company*, 624 F.Supp. 742 (N.D.Ill. 1985). The federal officer removal statute is not narrow or limited, and it should not be frustrated by a narrow or grudging interpretation of § 1442(a)(1). *Willingham v. Morgan*, 395 U.S. 402, 405, 89 S. Ct. 1813, 1815, 23 L.Ed.2d 396 (1960).

11. GE is not required to notify and obtain the consent of any other defendant in this action in order to remove the action as a whole under section 1442(a)(1). *Akin v. Ashland Chemical Co.,* 156 F.3d 1030 (10th Cir. 1998); *Ely Valley Mines, Inc. v. Hartford Accident Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981).

12. In accordance with 28 U.S.C. §1446(a) and Local Rule 103(5)(a), General Electric has filed with this Notice of Removal true and correct copies of all process, pleadings, and orders that have been served upon General Electric in the State Case as of this date. Additionally, within 30 days, General Electric will file true and correct copies of all other documents on file in the State Case, together with a certification from counsel that all filings in the State Case have been filed in the United States District court.

---

[1] In *Faddish v. General Electric Co.*, 2010 WL 4146108 (E.D.Pa. 10/20/10)(asbestos MDL-875), the District Court granted GE's motion for summary judgment and found as a matter of federal law that GE was immune from asbestos state law tort liability and failure to warn claims regarding turbines it supplied to the Navy, pursuant to standards articulated in *Boyle*.

WHEREFORE, Defendant, General Electric Company removes this action to the United States District Court for the District of Maryland, Northern Division.

**A JURY TRIAL IS DEMANDED.**          Respectfully submitted,

> */s/ David J. Quigg*
> Donald S. Meringer, Federal Bar #24408
> David J. Quigg, Federal Bar #26401
> Meringer, Zois & Quigg, LLC
> 320 North Charles Street
> Baltimore, Maryland 21201
> (443) 524-7978
> (443) 524-7982 (fax)
>
> *Attorneys for Defendant General Electric Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **9th** day of April, 2013, a copy of the foregoing Notice of Removal was served upon plaintiff's counsel and all defense counsel of record through the Court's CM/ECF system. Absent confirmation from the court that such electronic service has been made, service is being made upon plaintiff's counsel by first class mail, postage prepaid, addressed as follows, and upon all other known counsel of record at the addresses and in the manner set forth on the attached service list:

> **Jason M. Weiner, Esquire**
> **Napoli, Bern, Ripka, Shkolnik LLP**
> **111 S. Calvert Street**
> **Suite 2700**
> **Baltimore MD 21202**
>
> *Attorneys for Plaintiff*

MERINGER, ZOIS & QUIGG, LLC

By: */s/ David J. Quigg*
     David J. Quigg

*Attorneys for General Electric Company*

## SERVICE LIST

## **STEPHEN ROSS  v. AIRBUS S.A.S., et al.**

To the extent not served pursuant to the Courts CM/ECF system, service of the foregoing pleading (without exhibits) is being made upon counsel for all parties by first class mail, addressed as follows.  Copies of all exhibits will be provided to any party upon request.

| *Party* | *Counsel of Record* |
|---|---|
| AC&R Insulation Co., Inc. | Katherine S. Duyer, Esquire<br>Genevieve G. Marshall, Esquire<br>Gavett, Datt & Barish, P.C.<br>Metro Executive Park<br>15850 Crabbs Branch Way<br>Suite 330<br>Rockville, Maryland 20855-2675<br>(301) 948-1177 |
| The Boeing Company | Michael A. Brown, Esquire<br>Matthew Wagman, Esquire<br>MILES & STOCKBRIDGE P.C.<br>10 Light Street<br>Baltimore, Maryland 21202<br>(410) 727-6464 |
| CBS Corporation f/k/a VIACOM, INC., successor by merger with CBS Corporation f/k/a Westinghouse Electric Corporation | Philip A. Kulinski, Esquire<br>Clare M. Maisano, Esquire<br>Evert Weathersby Houff<br>SunTrust Bank Building<br>120 E. Baltimore Street, Suite 1300<br>Baltimore, MD  21202<br>443.573.8500 |
| Crown Cork & Seal Company, Inc. | Theodore F. Roberts, Esquire<br>Venable, LLP<br>210 W. Pennsylvania Avenue<br>Suite 500<br>Towson, Maryland  21204<br>(410) 494-6200 |
| Hampshire Industries Inc. | David W. Allen, Esquire<br>Malcolm S. Brisker, Esquire<br>Goodell, DeVries, Leech & Dann, LLP<br>One South Street, 20th Floor<br>Baltimore, MD 21202<br>(410) 783-4000 |

| | |
|---|---|
| Hill Brothers Chemical Co. | Thomas P. Bernier, Esquire<br>Benjamin D. Whetzel, Esquire<br>Segal McCambridge Singer & Mahoney, Ltd.<br>One North Charles Street, Suite 2500<br>Baltimore, MD 21201<br>(410) 779-3960 |
| Honeywell International Inc., f/k/a AlliedSignal Inc. as successor-in-interest to The Bendix Corporation | Michael A. Brown, Esquire<br>Matthew Wagman, Esquire<br>MILES & STOCKBRIDGE P.C.<br>10 Light Street<br>Baltimore, Maryland 21202<br>(410) 727-6464 |
| IMO Industries, Inc. | Joel D. Newport, Esquire<br>Moore & Jackson, LLC<br>305 Washington Ave., Suite 401<br>Towson, Maryland 21204<br>(410) 583-5241 |
| McDonnell Douglas Corporation | Michael A. Brown, Esquire<br>Matthew Wagman, Esquire<br>MILES & STOCKBRIDGE P.C.<br>10 Light Street<br>Baltimore, Maryland 21202<br>(410) 727-6464 |
| Metropolitan Life Insurance Company | Richard D. Albert, Esquire<br>Steptoe & Johnson, LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>(202) 429-3000 |
| Palmer International, Inc. | Jennifer Alexander, Esquire<br>Brassel Alexander & Rice, LLC<br>900 Bestgate Road, Suite 402<br>Annapolis, Maryland 21401<br>(443) 837-9800 |
| Pratt & Whitney Power Systems, Inc. | Philip A. Kulinski, Esquire<br>Clare M. Maisano, Esquire<br>Evert Weathersby Houff<br>SunTrust Bank Building<br>120 E. Baltimore Street, Suite 1300<br>Baltimore, MD  21202<br>(443) 573-8500 |

| | |
|---|---|
| SB Decking Inc. | F. Ford Loker, Esquire<br>MILES & STOCKBRIDGE P.C.<br>10 Light Street<br>Baltimore, Maryland 21202<br>(410) 727-6464 |
| Union Carbide Corporation | Thurman W. Zollicoffer, Jr., Esquire<br>Danielle G. Marcus, Esquire<br>Peter W. Sheehan, Jr., Esquire<br>Whiteford Taylor & Preston LLP<br>7 Saint Paul Street<br>Baltimore, MD 212021636<br>(410) 347-8700 |
| United Technologies Corporation | Philip A. Kulinski, Esquire<br>Clare M. Maisano, Esquire<br>Evert Weathersby Houff<br>SunTrust Bank Building<br>120 E. Baltimore Street, Suite 1300<br>Baltimore, MD  21202<br>(443) 573-8500 |
| Yarway Corporation | Steven A. Luxton, Esquire<br>MORGAN, LEWIS &BOCKIUS LLP<br>1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004<br>(202) 739-5452 |