IN THE CIRCUIT COURT FOR BALTIMORE CITY

| | | |
|---|---|---|
| IN RE: BALTIMORE CITY ASBESTOS LITIGATION | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| STEPHEN ROSS, 7922 Livingston Road Oxon Hill, MD 20745 | * | CT-4 Other Asbestos Cases |
| Plaintiffs, | * | |
| vs. | * | CASE NO. |
| AIRBUS S.A.S 2550 WASSER TERRACE SUITE 9100 HERNDON, VA 20171 | * * | |
| BOEING CO. C/O/ ILLINOIS CORPORATION SERVICE COMPANY 801 ADLAI STEVENSON DRIVE SPRINGFIELD, IL 62703 | * * * | |
| CROWN CORK & SEAL COMPANY, INC. CT CORPORATION SYSTEM 208 SOUTH LASALLE STREET, SUITE 814 CHICAGO, IL 60604 | * * | |
| ELLIOTT COMPANY (Individually and as successor-in-interest to Elliott Turbomachinery Co., Inc.) CT CORPORATION SYSTEM 1300 E 9th STREET CLEVELAND, OH 44114 | * * * | |
| GENERAL ELECTRIC COMPANY THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER 1209 ORANGE STREET WILMINGTON, DE 19801 | * * * | |
| HILL BROTHERS CHEMICAL CO. 1675 N. MAIN STREET | * | |

1

| | |
|---|---|
| ORANGE, CA 92867 | * |
| HONEYWELL INTERNATIONAL, INC., f/k/a AlliedSignal Inc., f/k/a The Bendix Corporation CORPORATION SERVICE COMPANY 2711 CENTERVILLE ROAD, SUITE 400 WILMINGTON, DE 19808 | * * * |
| IMO INDUSTRIES INC. CORPORATION SERVICE COMPANY 2711 CENTERVILLE ROAD, SUITE 400 WILMINGTON, DE 19808 | * * |
| MCDONNELL DOUGLAS CORPORATION C/O ILLINOIS CORPORATION SERVICE COMPANY 801 ADLAI STEVENSON DRIVE SPRINGFIELD, IL 62703 | * * * |
| METROPOLITAN LIFE INSURANCE CO. 2701 QUEENS PLZ SUITE 1 LONG ISLAND CITY, NY 11101 | * * |
| PALMER INTERNATIONAL INC. 2036 LUCON ROAD SKIPPACK, PA 19474 | * * |
| PRATT & WHITNEY POWER SYSTEMS INC. CT CORPORATION SYSTEM 208 S LASALLE STREET, SUITE 814 CHICAGO, IL 60604 | * * |
| ROLLS ROYCE PLC 1875 EXPLORER STREET, SUITE 200 RESTON, VA 20190 | * * |
| SB DECKING INC. 1700 LOGAN SQUARE PHILADELPHIA, PA 19105 | * * |
| UNION CARBIDE CORPORATION THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER 1209 ORANGE STREET WILMINGTON DE, 19801 | * * * |
| UNITED TECHNOLOGIES CORPORATION f/k/a Pratt & Whitney | * |

| | |
|---|---|
| C/O CT CORPORATION SYSTEM | * |
| 111 EIGHTH AVENUE | |
| NEW YORK, NY 10011 | * |
| YARWAY CORPORATION | * |
| 7258 BEECH ROAD | |
| AMBLER, PA 19002 | * |

        **Defendants.**    *

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND PRAYER FOR JURY TRIAL

  Plaintiffs, Stephen Ross, sue the above-named Defendants and in support thereof alleges as follows:

  1. At all times relevant hereto, each of the above-named Defendants, were miners, manufacturers, processors, importers, converters, compounders, merchants, installers, removers, sellers, distributors, marketers and/or suppliers of asbestos, asbestos insulation materials and/or asbestos-containing products (hereinafter referred to as "asbestos products"). In addition, each of the above-named Defendants, acting by and through their servants, agents and employees, caused such asbestos products to be sold and placed in the stream of commerce.

  2. The Maryland statute of limitations requires the filing of this action within a given time period. The statute of limitations further requires that the Plaintiffs sue all corporations that may be liable for the Plaintiff's injuries before the statute of limitations expires. In order to comply with the statute of limitations, the Plaintiffs have sued all those corporations that the Plaintiffs and their counsel believe, in good faith, may be responsible for the Plaintiff Stephen Ross' injuries. Once discovery in this case is complete, the court and jury will determine whether the proof as to the liability of any or all of the named corporations is adequate.

## COUNT I – STRICT LIABILITY

  3. Plaintiffs, Stephen Ross, sue each of the Defendants, and states as follows:

4.     During portions of his working life as a student, welder, mechanic, and laborer Mr. Ross worked at industrial and commercial sites, including but not limited to the U.S. Navy at various locations and US Airways located in North Carolina and Washington D.C. Mr. Ross used, worked with and/or was exposed to asbestos products that were manufactured, supplied and/or installed by the Defendants from 1960 until 2002. The Defendants' asbestos products were defective in design in that they contained harmful, deleterious, carcinogenic and inherently dangerous asbestos dust and fibers which unreasonably endangered the life and health of persons using, working with or working around the asbestos products.

5.     Prior to the date that Stephen Ross was exposed to the Defendants' asbestos products, each of the Defendants possessed medical and scientific data from which those Defendants knew or should have known that their asbestos products were hazardous to the life, health and safety of persons who were exposed to the asbestos products.

6.     Despite their knowledge, the Defendants, prompted by pecuniary motives, individually and collectively failed and refused to warn the users of their products and those who worked in close proximity thereto of the life and health-threatening dangers of exposure to asbestos fibers and dust, thereby also making their products defective and unreasonably dangerous. Moreover, the Defendants, in wanton and reckless disregard for human life and health, deliberately, intentionally and purposely withheld and concealed such information from those who used and worked around their products. The Defendants also failed and refused to take other reasonable actions which would have lessened the dangerous and potentially lethal characteristics of their asbestos products.

7.     The Defendants' asbestos products were also defective and unreasonably dangerous in that they failed to perform as safely as an ordinary consumer would expect.

8. As a direct and proximate result of Stephen Ross' exposure to the Defendants' asbestos and asbestos products, he has developed lung cancer. As a result of his illness, Stephen Ross has suffered and will continue to suffer great physical pain, emotional anxiety and mental distress and he has incurred and will continue to incur substantial expenses for medical and hospital care.

9. Plaintiff further incorporates by reference all relevant allegations in the Strict Liability Count of the CT-4 Other Asbestos Cases Master Complaint, as amended.

WHEREFORE, Plaintiffs, Stephen Ross, request judgment against each and every one of the Defendants sued in this Count in the amount of Fifty Million Dollars ($50,000,000.00) compensatory damages and Fifty Million Dollars ($50,000,000.00) punitive damages.

## COUNT II – BREACH OF WARRANTY

10. Plaintiffs, Stephen Ross, sues each of the Defendants and states as follows:

11. Plaintiffs, Stephen Ross, adopts and incorporates by reference all relevant allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

12. Each of the Defendants impliedly warranted that its asbestos products were of good and merchantable quality and fit and suitable for the particular use for which the products were intended. Each of the Defendants breached its implied warranty in that the Defendants' products contained harmful, deleterious, carcinogenic, and inherently dangerous asbestos dust and fibers.

13. Stephen Ross was exposed to the asbestos dust and fibers from the Defendants' asbestos products as a result of working with and around those asbestos products. As a direct and proximate result of the exposure to those products, Stephen Ross developed lung cancer and suffered the injuries described above.

14. Plaintiffs further incorporate by reference all relevant allegations in the Breach of Warranty Count of the CT-4 Other Asbestos Cases Master Complaint, as amended.

WHEREFORE, Plaintiffs, Stephen Ross, request judgment against each and every one of the Defendants sued in this Count in the amount of Fifty Million Dollars ($50,000,000.00) compensatory damages and Fifty Million Dollars ($50,000,000.00) punitive damages.

## COUNT III – NEGLIGENCE

15. Plaintiffs Stephen Ross, sues each of the Defendants and states as follows:

16. Plaintiffs Stephen Ross, adopt and incorporate by reference all relevant allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

17. The Defendants knew or, in the exercise of reasonable care, should have known that persons employed in the manner that Stephen Ross were employed and who worked in trades like Stephen Ross, would come into contact with and be exposed to their asbestos products and would cause their family members living in their home to come into contact with and be exposed to their asbestos products. In addition the Defendants knew or, in the exercise of ordinary care should have known, that such contact and exposure would be health and life threatening.

18. Each of the Defendants negligently, recklessly and with gross indifference for the rights of persons in the position of Stephen Ross omitted and failed, among other things:

   (a) To advise such persons of the dangerous characteristics of their asbestos products;

   (b) To provide such persons with information regarding safeguards which they could have employed to protect themselves from the dangers of exposure to asbestos.

   (c) To provide warnings, or, alternatively, adequate warnings, regarding the dangers of exposure to asbestos fibers and dust.

(d) To package their asbestos products in a manner which would have lessened or eliminated the inhalation of asbestos fibers during the installation and removal thereof.

(e) To publish, adopt and communicate information regarding safe methods of handling, installing and removing asbestos products; and

(f) To develop and distribute asbestos-free insulation products.

19. As a direct and proximate result of the negligence, recklessness and gross indifference of the Defendants, Stephen Ross developed lung cancer and suffered the injuries described above.

20. Plaintiffs further incorporate by reference all relevant allegations in the Negligence Count of the CT-4 Other Asbestos Cases Master Complaint, as amended.

WHEREFORE, Plaintiff Stephen Ross, requests judgment against each and every one of the Defendants sued in this Count in the amount of Fifty Million Dollars ($50,000,000.00) compensatory damages and Fifty Million Dollars ($50,000,000.00) punitive damages.

### COUNT IV – AIDING AND ABETTING AND CONSPIRACY

21. Plaintiffs Stephen Ross, sues each of the Defendants and states as follows:

22. Plaintiffs Stephen Ross, adopts and incorporates by reference all relevant allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

23. The Defendants, each and all of them, by various means encouraged, aided, assisted and abetted the manufacturers, sellers, distributors, suppliers (hereafter the "direct perpetrators") whose asbestos products were substantial contributing factors to the development of Stephen Ross' Lung Cancer and/or other asbestos related injuries, diseases and conditions.

24. The Defendants, each and all of them, encouraged, aided, assisted and abetted the direct perpetrators of the injuries in the following and other ways: in the concealment, alteration,

manipulation and suppression of knowledge and information about the dangers and health hazards of asbestos; in the publication of misleading, fraudulent and incorrect statements about the lack of any connection between asbestos exposure and various diseases; in the publication, use and dissemination of fake, misleading, fraudulent and incorrect statements about asbestos-containing products being "non-toxic," safe, not dangerous, not hazardous, contributing to the well being of workers; in the decisions made by various direct perpetrators of the injuries to Stephen Ross not to test, study, research or investigate the dangers and health hazards of their asbestos-containing products; in deciding not to publicize, disclose, make public or otherwise warn about the dangers and health hazards of asbestos-containing products; in efforts to prevent the United States government and its employees, agencies, departments and organizations from taking steps to do research and publish on the dangers of asbestos and to restrict, ban, reduce, eliminate or regulate the use of asbestos-containing products.

25.  The Defendants, each and all of them having aided, assisted, encouraged and abetted the direct perpetrators, as set forth in the immediately preceding paragraph, are liable under Maryland law as if they themselves were the principal or direct perpetrators of the harm and injuries complained of.

26.  Plaintiffs further incorporate by reference all relevant allegations in the Aiding and Abetting and/or Conspiracy Counts of the CT-4 Other Asbestos Cases Master Complaint, as amended.

WHEREFORE, Plaintiff Stephen Ross, requests judgment against each and every one of the Defendants sued in this Count in the amount of Fifty Million Dollars ($50,000,000.00) compensatory damages and Fifty Million Dollars ($50,000,000.00) punitive damages.

Respectfully submitted,

/s/ Jason M. Weiner
Jason M. Weiner, Esq.
Napoli, Bern, Ripka, Shkolnik LLP
1023 S. Hanover Street
Baltimore, MD 21230
jweiner@napolibern.com
P. (410)-897-7902
F. (212)-587-0031

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiffs elect and pray to have this case tried by a jury.

/s/ Jason M. Weiner
Jason M. Weiner, Esq.

## ADDITIONAL INFORMATION
### Stephen Ross

Pursuant to Pre-Trial Order No. 3, Circuit Court for Baltimore City, Paragraph 3(G) the following information is provided:

    (i)    Disease diagnosed:  Lung Cancer

    (ii)    Date Plaintiff learned of asbestos-related condition:  On or about 8/1/2010

    (iii)    Plaintiff's social security printout to be submitted at a later date.