IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

STEPHEN ROSS,                          *

    Plaintiff,                      *

        v.                       *

                    *   CIVIL NO.: WDQ-13-1053

AIRBUS S.A.S., *et al.*,

    Defendants.                     *

*    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM OPINION

Stephen Ross sued General Electric Company ("GE") and numerous other companies (collectively, the "Defendants") in the Circuit Court for Baltimore City for negligence and other claims related to Ross's exposure to asbestos. GE removed the action to this Court. The Boeing Company ("Boeing") and CBS Corporation f/k/a Viacom Inc., successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation ("Westinghouse") joined the notice of removal filed by GE. Pending is Ross's motion to remand. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the following reasons, the Court will deny Ross's motion.

I.   Background[1]

Ross worked as a student, welder, mechanic, and laborer and was exposed to asbestos products from 1960 until 2002.   ECF No. 2 ¶ 4.   Ross developed lung cancer from his exposure to asbestos.   *Id.* ¶ 8.

On August 20, 2012, Ross sued the Defendants in the Circuit Court for Baltimore City, alleging strict liability, breach of warranty, negligence, aiding and abetting, and conspiracy.   ECF No. 2 ¶¶ 3-26.[2]   On September 10, 2012, GE, Boeing, and Westinghouse were served with the complaint.   ECF Nos. 26-6; 26-7; 26-8.   The complaint alleged, that "[d]uring portions of his working life as a student, welder, mechanic, and laborer," Ross "worked at industrial and commercial sites, including but not limited to the U.S. Navy at various locations and US Airways located in North Carolina and Washington D.C."   ECF No. 2 ¶ 4. The complaint further alleged that Ross "worked with and/or was exposed to asbestos products that were manufactured, supplied, and/or installed by the Defendants from 1960 until 2002."   *Id.*

---

[1] On a motion to remand, the facts are viewed in the light most favorable to the party seeking remand.   *Booth v. Furlough, Inc.,* 995 F. Supp. 629, 630 n.1 (E.D. Va. 1998); *see also Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).   Accordingly, the facts are presented in the light most favorable to Ross.

[2] On August 30, 2012, Ross amended the complaint to add as defendants CBS Corporation ("Westinghouse") and The Wallace & Gale Company.   ECF No. 26-5 at 2-4.

On March 14, 2013, Ross answered the Defendants' Master Set of Interrogatories. ECF No. 1 ¶ 3; Ex. B. In response to Interrogatory No. 89, Ross stated that he had worked as a Petty Officer and Aviation Boatswain's Mate in the United States Navy at "various locations" aboard the *USS Coral Sea* (1961-65), the *USS Midway* (1961-69), and the *USS Ranger* (1961-65). ECF No. 1, Ex. A at 32. He further states that he "may have been exposed to asbestos containing products such as boilers, turbines, steam traps, pumps, valves, decking products, and gaskets and packing" while working aboard these ships. *Id.*

On April 9, 2013, GE removed the lawsuit to this Court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). ECF No. 1. GE asserted that it acted under the direction and control of the U.S. Navy in the construction of marine turbines and other products. *Id.* ¶¶ 6-7. On April 10, 2013, Westinghouse joined GE's removal of the action. ECF No. 10. On April 15, 2013, Boeing also joined GE's removal. ECF No. 13.

On April 24, 2013, Ross moved to remand on the basis of untimely removal. ECF No. 26. On May 10, 2013, GE opposed the motion. ECF No. 85. Boeing and Westinghouse also opposed the motion on May 13, 2013 and May 14, 2013 respectively. ECF Nos. 87, 91. On May 28, 2013, Ross replied. ECF No. 93.

3

II.  Analysis

   A.  Legal Standard

   The federal officer removal statute, 28 U.S.C. §
1442(a)(1), provides that an action brought in state court may
be removed by any federal officers or their agents "for or
relating to any act under color of such office."  Removal is
proper under this section if (1) the defendant acted under the
direction of a federal officer, (2) the defendant has a
colorable federal defense to plaintiff's claim, and (3) there is
a causal nexus between the plaintiff's claim and the acts
performed by the defendant under the color of federal office.
*See Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35
(1989).  Congress's decision to permit individuals acting under
the color of federal office to litigate their federal defenses
in federal court "should not be frustrated by a narrow, grudging
interpretation of § 1442(a)(1)."  *Willingham v. Morgan*, 451 U.S.
232, 242 (1981).

   To remove a case, the defendant must file a notice of
removal in the district court within 30 days after receiving the
initial pleading.  28 U.S.C. § 1446(b)(1).  If the case stated
by the initial pleading is not removable, the defendant may
remove within 30 days of receiving "an amended pleading, motion,
order or other paper from which it may first be ascertained that

4

the case is one which is or has become removable." 28 U.S.C. §
1446(b)(3).

In determining when a defendant first had notice of grounds
for removal, the Court must "rely on the face of the initial
pleading and the documents exchanged in the case by the
parties." *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th
Cir. 1997). The Court need not "inquire into the subjective
knowledge of the defendant," but must consider only whether
grounds for removal were "apparent within the four corners of
the initial pleading or subsequent paper." *Id.* If details are
"obscured or omitted" or "inadequately" stated, the defendant
will not be charged with knowledge of removability. *Id.*

B.    Ross's Motion to Remand

Ross asserts that the removal was untimely because the
basis of removability was apparent on the face of the complaint.
ECF No. 26-4 at 1. GE contends that it did not receive notice
of the availability of removal until Ross's answers to
interrogatories indicated that he was alleging asbestos exposure
to GE equipment aboard Navy ships. ECF No. 85 at 5. GE argues
that mentioning that he worked in the Navy is not sufficient to
put GE on notice, and it is not GE's burden to assume that Ross
worked on board a Navy ship when he was exposed to a GE product.
*See* ECF No. 85 at 3-4. GE asserts that the complaint provided
no details about where he worked, whether he worked aboard

5

ships, where on the ships he worked, or what type of products he had been around. *Id.*

Federal officer removability must be "apparent within the four corners" of the complaint. *See Lovern*, 121 F.3d at 162. Recent decisions in this district have held that the identity of the U.S. Navy ships on which a plaintiff was allegedly exposed to the defendant's asbestos products first provided adequate notice of removal.[3] "[T]he thirty-day clock of federal officer removability begins ticking when the initial pleading or other appropriate paper reveals the nexus between the plaintiff's claims and the actions allegedly taken by the defendant under the direction of a federal officer." *Houser*, 2013 WL 3364377, at *4. Allegations that a plaintiff worked in the U.S. Coast Guard, the U.S. Armed Forces, the U.S. Government, or at private shipyards have been found by this Court to provide insufficient notice of removability.[4]

---

[3] *See Bing v. Alltite Gaskets*, No. GLR-12-458, 2012 WL 4764774, at *2 (D. Md. Oct. 5, 2012); *Covington v. Owens Illinois Glass Co.*, No. GLR-12-461, 2012 WL 4764883, at *2 (D. Md. Oct. 5, 2012); *Hurley v. Alltite Gaskets*, No. GLR-12-462, 2012 WL 4764901, at *2 (D. Md. Oct. 5, 2012); *Houser v. Ammco Tools, a/k/a Hennessey Indus., Inc.*, No. RDB-13-1179, 2013 WL 3364377, at *4 (D. Md. July 2, 2013).

[4] *See Covington v. Owens Illinois Glass Co.*, No. GLR-12-461, 2012 WL 4764883, at *2 (D. Md. Oct. 5, 2012) (plaintiff's allegation the he worked as a welder for a private shipyard and the U.S. Coast Guard did not provide notice); *Houser v. Ammco Tools, a/k/a Hennessey Indus., Inc.*, No. RDB-13-1179, 2013 WL 3364377, at *4 (D. Md. July 2, 2013) (no notice when plaintiff alleged he

Of the recent cases addressing this issue, the facts in *Houser* are similar to this case. *See Houser*, 2013 WL 3364377, at *4. In *Houser*, the plaintiff alleged that "d]uring portions of his working life as a student, welder, mechanic, crewman, and laborer Mr. Houser worked at industrial and commercial sites, including but not limited to the U.S. Armed Forces, [and] the U.S. Government[.]" *Id.* at *1, 4. The Court held that this language did not alert the defendant that it may have been acting under the orders of a federal official when Houser was allegedly exposed to its asbestos products. *Id.* The defendant was not put on notice until Houser's answers to interrogatories identified Navy ships on which he was allegedly exposed to asbestos. *Id.*

Here, as in *Houser*, Ross's complaint alleged that, "[d]uring portions of his working life as a student, welder, mechanic, and laborer," he "worked at industrial and commercial sites, including but not limited to the U.S. Navy at various locations and US Airways . . ." and "used, worked with and/or was exposed to asbestos products that were manufactured, supplied and/or installed by the Defendants[.]" ECF No. 2 ¶ 4. Ross contends that this language put GE on notice of the basis

---

worked for the U.S. Armed Forces and the U.S. Government); *Harper v. Alltite Gaskets*, No. WDQ-12-0460, 2012 WL 1555043, at *2 (D. Md. April 30, 2012) (plaintiff's allegation that he worked at a private shipyard did not provide notice).

for removability. ECF No. 26-4 at 3. However, the complaint's reference to Ross's employment with the U.S. Navy is not sufficient to alert GE that it may have been acting under the orders of a federal official when Ross was allegedly exposed to GE asbestos products. The complaint does not allege that Ross was exposed to asbestos as a result of work on a Navy ship. The complaint did not state a nexus between Ross's claims and actions allegedly taken by GE under the direction of a federal officer.

Ross did not provide a basis for federal officer removability until he answered the interrogatories on March 14, 2013. Only then did Ross allege that he had been exposed to GE asbestos products on, the *USS Coral Sea*, *USS Midway*, and *USS Ranger*. ECF No. 1, Ex. A at 32. On April 9, 2013, GE removed the action--26 days after it received the interrogatories. *See* ECF No. 1. Because GE removed within 30 days of its notice that the case was removable, the Court must deny Ross's motion to remand. *See* 28 U.S.C. § 1446(b)(3).[5]

---

[5] The notices of joinder to removal action, filed by Westinghouse and Boeing on April 10, 2013 and April 15, 2013 respectively, are also timely. *See* ECF Nos. 10, 13; 28 U.S.C. § 1446(b); Fed. R. Civ. Pro. 6(a)(1)(C).

III. Conclusion

For the reasons stated above, Ross's motion to remand will be denied.

_10/29/17_
Date

William D. Quarles, Jr.
United States District Judge